793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY WATSY, Plaintiff-Appellant
v.
BOB CARROLL, SARGEANT, JACKSON STATE PRISON, and RONALD F.
CARL, SPECIALIST, JACKSON STATE PRISON,
Defendants-Appellees.
 84-1568
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 Larry Watsy appeals from an order of the federal district court for the Eastern District of Michigan dismissing his allegations of cruel and unusual punishment and placement in punitive segregation in violation of Michigan Department of Corrections Regulations. We affirm the district court with respect to the Eighth Amendment claim, but reverse and remand for an evidentiary hearing on the merits of the punitive segregation claim.
 
 
 2
 On March 3, 1982, while Watsy was an inmate at the State Prison of Southern Michigan, he was removed from his cell and taken to a cell at the base of the cell block, allegedly for throwing pudding at the ceiling. Two days later, on March 5, Watsy was issued a misconduct ticket which informed him that he was charged with the destruction of state property with a value in excess of ten dollars. Watsy remained in the cell until April 7, 1980, in spite of the fact that he was cleared of the food throwing charge at an internal administrative hearing on March 15.
 
 
 3
 Watsy made two basic arguments to the district court which were preserved for purposes of this appeal. First, he claims that the conditions of the base cell violated the prohibition against cruel and unusual punishment. Specifically, Watsy submitted affidavits which state that the cell had no lights or electricity, and that it was located directly in front of an air vent which alternately blew warm and cool air into the cell. Apparently, Watsy had been under treatment at the prison for asthma prior to his confinement in the base cell, and he claims that he suffered several severe asthma attacks while confined there.
 
 
 4
 Watsy argues that the prison officials were deliberately indifferent to his known medical needs when they placed him near the blower. However, the record reveals that on March 13, Watsy was seen by Dr. Phillips who examined him and gave him medication for his asthma. Under these circumstances we do not believe that the deliberate indifference standard set forth in Estelle v. Gamble, 429 U.S. 97 (1976), has been met. We affirm the dismissal of the Eighth Amendment claim.
 
 
 5
 Watsy next argues that prison officials, in violation of various Michigan Dept. of Corrections Regulations,[1] placed him in punitive segregation and thereby violated his right to procedural due process. The state maintains that Watsy's transfer was purely administrative. Our review of the record suggests that, at a minimum Watsy has presented facts sufficient to survive a motion for summary judgment on this issue. The base cell was without lights or electricity--both of which were available in Watsy's former cell. Additionally, the first affidavit of Sargeant Carroll, who transferred Watsy, strongly suggests the transfer was effected as a form of 'punishment.' (Affidavit of Robert Carroll, August 25, 1982.) We cannot, therefore, simply accept the state's characterization of the transfer as administrative and its position that there is no dispute as to a material fact on this issue.
 
 
 6
 The case is hereby remanded to the district court for an evidentiary hearing on the merits of Watsy's due process/punitive segregation claim, in light of the Michigan Dept. of Corrections Regulations.
 
 
 
 *
 The Honorable William K. Thomas, Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Watsy claims that the state violated various Regulations, including but not limited to 791.5510, and 791.3310 through 791.3325